**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Maria Hernandez de Toro, | Case No. 2:24-cv-01145-DJA |
| Plaintiff, | **Order** |
| v. | |
| Cardenas Markets, LLC; et al., | |
| Defendants. | |

    This is a slip-and-fall case arising out of a fall Plaintiff sustained at Defendant Cardenas Markets, LLC's store. Plaintiff initiated this action in state court and Defendant removed it to this Court in June of 2024, invoking diversity jurisdiction. (ECF No. 1). Defendant moves to dismiss for untimely service under Federal Rules of Civil Procedure 4(m) and 12(b)(5) (ECF No. 3) and Plaintiff moves to remand the case to state court, arguing that the amount in controversy does not exceed $75,000.00. (ECF No. 7). Because the Cout finds that the amount in controversy does not exceed $75,000.00, it grants Plaintiff's motion to remand and denies Defendant's motion to dismiss as moot.

    Under 28 U.S.C. § 1332, a federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). When original jurisdiction exists under either 28 U.S.C. § 1331 or § 1332 but the matter was filed in a state court, the matter may be removed to federal district court. 28 U.S.C. § 1441(b). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," however, "the case shall be remanded." 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers*

*Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citation omitted). "Th[is] strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations and quotations omitted). A removing defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). A defendant may rely upon a single letter or settlement offer or another document if it represents a "reasonable estimate" of the Plaintiff's claim. *See id.* at 839-40.

Here, Defendant attempts to establish the amount in controversy using the following pieces of evidence:

**(1)** The Complaint seeking general and special damages in excess of $15,000.
**(2)** Plaintiff's second state court computation of damages, totaling $55,764.57.
**(3)** Plaintiff's state court petition for exemption from arbitration, which claimed that a medical doctor had recommended a right rotator cuff repair. The petition indicates that the $55,764.57 computation does not include the rotator cuff repair surgery.
**(4)** That "Cardenas knows from another case that a rotator cuff repair surgery can cost more than $50,000" which is supported with a citation to an exhibit that Defendant represents is from a letter from a medical doctor in another case where, that doctor estimated $52,341.52 for a rotator cuff surgery.

(ECF No. 1).

However, the Court finds that these pieces do not stack up to more than $75.000.00.

The Court finds that the doctor's letter is not competent evidence. Defendant provides no basis for the Court to consider the letter. Nevertheless, the Court will consider whether it can take judicial notice.[1] A court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot

---

[1] In addition to the following reasons for rejecting the letter, Defendant did not provide a citation to the case where the letter was allegedly filed.

reasonably be questioned." Fed. R. Evid. 201(b)(2).  But that does not mean a party can simply import evidence from one case into another; the Court has no way of determining the accuracy of such evidence.  *See Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").

The Court finds that Defendant has failed to carry its burden to show an amount in controversy exceeding $75,000.00.  The doctor's letter was Defendants only evidence of additional costs above the Plaintiff's $55,764.57 computation.  By contrast, Plaintiff's counsel represented in a hearing that "our client had twenty nine thousand dollars in medical bills . . . . I can tell you as an officer of the court, we're not going to ask for $75,000."  (ECF No. 25).  In light of the above, and on its further independent review of the record, the Court finds that it lacks subject matter jurisdiction.  Therefore, the Court will grant Plaintiff's motion to remand and deny Defendant's motion to dismiss as moot.  *See Gaus*, 980 F.2d at 566 ("Federal judication must be rejected if there is any doubt as to the right of removal...").

**IT IS THEREFORE ORDERED** that Plaintiff's motion to remand (ECF No. 7) is **granted.**  The case is **remanded** to the Eighth Judicial District Court for Clark County, Nevada.  The Clerk of Court is kindly directed to close this case.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (ECF No. 3) is **denied as moot.**

DATED: November 22, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE